IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DON WHATLEY, #623150 | § |
| | § |
| v. | §   CIVIL ACTION NO. G-03-341 |
| | § |
| DOUG DRETKE, DIRECTOR | § |
| OF TDCJ-CID | § |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Don Whatley, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered on December 17, 1998, by the 23rd District Court of Brazoria County, Texas. Petitioner was found guilty of solicitation to commit murder and was sentenced to eighty years imprisonment. His sentence was upheld on appeal on March 8, 2001, and the Court of Criminal Appeals refused his Petition for Discretionary Review ("PDR") on November 21, 2001. On December 21, 2002, Petitioner filed a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals denied it on March 26, 2003. Petitioner submitted his federal writ to prison officials on April 28, 2003.

Petitioner alleges five grounds for relief: (1) he was deprived of a fair sentencing hearing; (2) he was constructively denied trial counsel; (3) a tape submitted as evidence was altered and

1

therefore constituted prosecutorial misconduct; and, (4) - (5) he received ineffective assistance of counsel at trial and on appeal.

### The Sentencing Hearing Issue

Petitioner first alleges that his sentencing hearing was fundamentally unfair because it violated the doctrine of *DeGarmo v. State*, 691 S.W.2d 657 (Tex. Crim. App. 1985), *abrogated by Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998). Under *DeGarmo*, error occurring during the sentencing phase of trial is considered waived if a defendant voluntarily testifies at the hearing and admits his guilt. Petitioner claims this doctrine prevented him from testifying at the sentencing hearing because he was required to choose between waiving all rights to object to potential errors committed at the proceeding or "leave the jury in ignorance of the type of 'relevant' information" only he could have provided. Response at 4-5.

This claim is procedurally barred and without merit. A federal habeas claim is barred if the last state court to consider it expressly based its denial on a state procedural default. *Harris v. Reed*, 489 U.S. 255, 263 (1989). A prisoner cannot obtain federal relief on such a claim without showing cause for the default and actual prejudice attributable to it that results in a miscarriage of justice. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Petitioner raised this claim in his Article 11.07 writ, which was denied without written order. The Court must therefore "look through" the Court of Criminal Appeal's denial to the last clear state decision, which is here the appellate court's explicit consideration of this issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Fourteenth Court of Appeals held that Petitioner had not preserved this issue for appellate review. *Whatley v. State*, slip op. at 4. This claim is therefore procedurally defaulted for federal review.

Petitioner has not shown that he has been prejudiced by the default. Indeed, despite the State's showing that Petitioner's claims are conclusory, Petitioner's Response fails to specify what he would have testified to if the alleged error had not occurred. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Thus, even if the instant claim were not procedurally barred, it would be without merit.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

The Denial of Counsel Issue

Petitioner next claims that he was constructively denied counsel. As the appellate court explained, Petitioner solicited Billy Joe Taylor while both were inmates in the TDCJ-CID to murder Petitioner's ex-wife and her husband. After Taylor recorded their conversations, Petitioner was questioned in the office of police Captain David Quinn. Petitioner's trial began three and a half years later in the week of December 14, 1998. On December 13, Petitioner's counsel learned that Quinn, a potential adverse witness, had died. Counsel filed a motion for continuance on the grounds that: (1) additional time was required to form a defense strategy; (2) counsel had difficulty communicating with Petitioner, who was in "lock down"; and, (3) counsel was Petitioner's sixth or seventh attorney and had only met Petitioner on December 13, 1998. The trial court denied the motion on December 15. No action was taken on the case on Monday, December 14, and the trial court gave counsel all of December 16 to form a trial strategy before resuming trial on December 17.

The constructive denial of counsel occurs "when the defendant is deprived of the 'guiding hand of counsel.'" *Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997). It occurs in cases involving an absence of counsel from the courtroom, conflicts of interest between counsel and

defendants, and official interference with a defense. *Id.* Petitioner has demonstrated none of these grounds for constructive denial of counsel. As the appellate court found, Petitioner and his counsel had several opportunities between December 13 and the resumption of trial on December 17 to form a strategy dealing with Quinn's death. Petitioner has therefore not shown that the state court's decision was contrary to federal law or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

<u>The Prosecutorial Misconduct Issue</u>

Petitioner next alleges that the version of the taped conversation between himself and Taylor, noted above, had been tampered with when introduced at trial and therefore constituted prosecutorial misconduct. Specifically, Petitioner alleges that the tape submitted by the State at trial was different from the one received by counsel, and he relies exclusively on an alleged admission of this fact by the prosecutor during trial. Response at 9.

Petitioner's claim is without merit. At trial, Petitioner's counsel objected to playing the State's tape because counsel's version of the tape began with the sentences: "Today's date is May 19th, 1992. We are 2323 South Post, question mark, Road in Houston, No. 560" [sic]. Statement of Facts at 63. Counsel claimed that information was not on the State's tape. The trial judge overruled the objection because the jury would not hear the disputed portion of the tape. Petitioner's current claim that the entire tape was altered is conclusory and without any evidentiary basis. No evidence of tampering was produced at trial, and nothing was brought forward to suggest that any other portion of the tape heard by the jury was different from what Petitioner's counsel had been given.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

The Ineffective Assistance of Counsel Claims

Finally, Petitioner alleges that he received ineffective assistance of counsel. In considering such a claim, the Court must be highly deferential to counsel's conduct, and Petitioner must show that counsel's representation fell beyond the bounds of prevailing objective professional standards. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court must presume that counsel's assistance was adequate and must eliminate the distorting effect of hindsight. *Id.* at 689. Even if Petitioner shows that his attorney's representation meets this standard, he must also demonstrate that he was prejudiced by it by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 690.

Petitioner first claims that his attorney erred by failing to obtain an audio sound expert to examine the original tape recording of the conversation between himself and Taylor. As stated above, he alleges the tape was altered and questions the integrity of the tape. Those allegations, however, are conclusory, and no evidence in the record suggests that there was a basis on which his attorney could have premised a request for an audio expert. Petitioner claims in his Response that his attorney's failure was a direct result of the trial judge's denial of a continuance. This alleged trial error, however, cannot be attributed to unprofessional work by Petitioner's counsel, nor is there any evidence that she would have requested an expert if a continuance had been granted.

Moreover, the record makes clear that any such request would have been futile. Petitioner's attorney objected to the fact that her copy of the tape recording contained a phrase identifying the time and place of the recording that was not on the State's copy. The trial judge characterized her objection as "ridiculous" and "frivolous." Statement of Facts at 65. Petitioner fails to demonstrate how a request for an audio expert would have been successful in light of the trial judge's overt hostility to counsel's much simper objection.

Petitioner next claims his attorney provided ineffective representation when she did not request a jury instruction regarding the legality of the taped conversation and for failing to object to the jury instructions as they were presented. Any objection would have been futile. Article 18.20 of the Texas Code of Criminal Procedure defines an oral communication as one "uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation." Petitioner himself admits that the taped conversations were made while he and Taylor were inmates in the TDCJ-CID. Memorandum at 10. Petitioner therefore had no expectation of privacy because Texas law is clear that in prison "official surveillance has traditionally been the order of the day," and prisoners "generally have no expectation of privacy." *Ex parte Graves*, 853 S.W.2d 701, 705 (Tex. App. - Houston [1st Dist.] 1993). In addition, Petitioner has made no showing that the tape was illegally recorded or that there was any factual dispute about how the evidence was obtained. *See Garza v. State*, 126 S.W.3d 79, 95 (Tex. Crim. App. 2004) (stating that a jury instruction must be included only if such a factual dispute is present). Petitioner makes no further showing that any other portion of the jury instructions were erroneous or what portion of them his counsel should have objected to.

Finally, Petitioner alleges his appellate counsel provided ineffective assistance by failing to raise on appeal the effectiveness of his trial attorney. Petitioner must therefore demonstrate that had his attorney raised these issues, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 286 (2000). He has not done so, and his allegations are conclusory.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on these points and that the Petition for a Writ of Habeas Corpus of Don Whatley (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **May 15, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____26th_____ day of April, 2006.

_____
John R. Froeschner
United States Magistrate Judge